IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENISE M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11cv17-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

## I.     INTRODUCTION

Plaintiff, Denise M. Davis, applied for disability insurance benefits under Title II of

the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*  Her application was denied at

the initial administrative level.  Plaintiff then requested and received a hearing before an

Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in

which he found Plaintiff not disabled from the alleged onset date of October 18, 2003,

through December 31, 2007, the date last insured.  Tr. 27.  The Appeals Council rejected

Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently

became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #8); Def.'s Consent to Jurisdiction (Doc. #9).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions,

including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-eight years old at the time of the hearing before the ALJ.  Tr. 33. Plaintiff graduated high school and obtained a general clerical certificate.  Tr. 36.  Plaintiff's past relevant work experience was as a manager, cashier/checker, and stock clerk.  Tr. 37, 53-54.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of October 18, 2003, through the date last insured of December 31, 2007 (Step 1).  Tr. 25.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairment: "chronic lumbar strain."  Tr. 25.  The ALJ then found that "the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments . . . ."  (Step 3) Tr. 25.  Next, the ALJ found that through the date last insured, Plaintiff "had the residual functional capacity to perform the full range of light work."  Tr. 26.  The ALJ then found that Plaintiff "was capable of performing past relevant work as a Store manager/pawn shop . . . as actually and generally performed."  (Step 4) Tr. 27.  Accordingly, the ALJ determined that Plaintiff "was not under a disability . . . at any time from October 18, 2003, the alleged onset date, through December 31, 2007, the date last

5

insured."  Tr. 27.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff presents four issues for this Court's consideration in review of the ALJ's decision: (1) "[w]hether the ALJ failed to properly consider [Plaintiff's] obesity and COPD at Step Two or beyond in the sequential evaluation process[;]" (2) "[w]hether the ALJ failed to properly consider the opinion of Dr. Doty, the treating physician[;]" (3) "[w]hether the new and material evidence warrants remand[;]" and (4) "[w]hether the ALJ failed to properly consider [Plaintiff's] mental impairments."  Pl.'s Brief (Doc. #11) at 1.

## V.    DISCUSSION

### A.    Whether the ALJ failed to properly consider Plaintiff's obesity and COPD at Step Two or beyond in the sequential evaluation process.

Plaintiff's argument is twofold.  First, Plaintiff argues that "[t]he ALJ erred when he failed to find obesity and chronic pulmonary disease to be severe impairments."  Pl.'s Brief (Doc. #11) at 8.  Second, Plaintiff argues that "[t]he ALJ erred by failing to consider [Plaintiff's] obesity and COPD when determining her RFC."  Pl.'s Brief (Doc. #11) at 10. The Commissioner maintains that "Plaintiff's appeal hinges . . . on whether the ALJ adequately considered any limitations resulting from her alleged COPD and obesity" and that her argument must fail because "the ALJ accounted for all of Plaintiff's credible limitations."

6

Def.'s Brief (Doc. #12) at 9.  For the reasons discussed below, the Court agrees with the Commissioner.

> **1.**   **Whether the ALJ erred when he failed to find obesity and chronic pulmonary disease to be severe impairments.**

Plaintiff's contention that the ALJ erred when he failed to find that her alleged obesity and COPD are severe impairments is unpersuasive for two reasons.  First, Plaintiff did not meet her burden of establishing these physical conditions as severe impairments and the ALJ's decision is supported by substantial evidence.  Second, whether the ALJ properly characterized Plaintiff's alleged obesity and COPD as non-severe impairments does not change the outcome of this case and so any error is harmless.

Plaintiff asserts that she "met her threshold burden because she showed that her obesity and COPD cause work related limitations."  Pl.'s Brief (Doc. #11) at 8.  In support, Plaintiff points to her subjective allegations indicating that "[i]n a Disability Report, [Plaintiff] reported that her COPD limits her ability to work.  (R. 106) She stated that i[t] 'causes shortness of breath' (R. 106)."  Pl.'s Brief (Doc. #11) at 8.

In order to show a severe impairment, Plaintiff bears the burden of demonstrating that her problems significantly affect her ability to perform basic work activities.  *See McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam).  "Basic work activities" include:  (1) physical functions such as

walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(1)-(6).  "[Plaintiff's] statements alone are not enough to establish that there is a physical or mental impairment."  20 C.F.R. § 404.1528(a) (2006). "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [Plaintiff's] statement of symptoms." 20 C.F.R. § 404.1508 (1991).  Plaintiff failed to satisfy this burden.

Plaintiff alleges no facts and points to no evidence of record to support her assertion that her alleged obesity and COPD are disabling, either singularly or in combination with any other impairment.   Additionally, the objective medical evidence of record does not demonstrate that any treating or consultative physicians limited Plaintiff due to her obesity or COPD.

Plaintiff asserts that her COPD was diagnosed by Dr. Doty, Plaintiff's treating physician, and Dr. Banner, consultative examiner.  Pl.'s Brief (Doc. #11) at 9.  However, as the Commissioner points out, Dr. Doty generally indicated that Plaintiff's "COPD/tobacco abuse" was "stable" or asymptomatic, Tr. 300-01, 342-50, 352-57.  Additionally, the ALJ "afforded no weight" to Dr. Banner's Medical Source Statement because "Dr. Banner indicated that this form was completed based on subjective complaints [of] the [Plaintiff] and

8

not his actual findings."  Tr. 27.  Also before the ALJ was  Dr. King's opinion noting that

"[Plaintiff] claims COPD although her lung exam is normal at this time" Tr. 317.  Dr. King

also "raised the question of [Plaintiff's] malingering as her complaints and actual

impairments were anatomically incongruent."  Tr. 26.  In any event, "[t]he mere onset or

diagnosis of a disease or an injury does not establish that it became disabling during the

insured period." *Natale v. Comm'r of Soc. Sec*., 2008 WL 227957, at *5 (M.D. Fla. Jan. 25,

2008) (citing *Benjamin v. Apfel*, 2000 WL 1375287, at *8 (S.D. Ala. Aug. 02, 2000)).  Even

if the ALJ were to have credited Plaintiff with the impairment of COPD during the insured

period, without medical evidence of any treatment for the condition, there is no evidence of

its severity.

With respect to her alleged obesity, Plaintiff did not mention obesity as a condition

contributing to her physical limitations in her application for disability in May of 2006[5] nor

did Plaintiff raise obesity as an issue at her administrative hearing before the ALJ in June of

2008.[6]  Plaintiff asserts that Dr. Doty "noted she was overweight" and that Dr. King

---

[5] In May 2006, Plaintiff's application indicates that she "became unable to work because of [her] disabling condition on October 18, 2003."  Tr. 95.  Plaintiff's Disability Report, dated May 2, 2006, indicates that her disability is caused by "chronic low back pain/copd."  Tr. 106.  She further indicated, "I have joint pain, my back is in pain.  I cannot stand, sit or lay down for long periods of time.  I sometimes have to get in a tub in hot water to relieve the pain in my back.  The COPD causes shortness of breath."  Tr. 106.

[6] At the hearing, on June 24, 2008, when asked what was wrong with her, Plaintiff responded "I have back pain . . .it's my low back . . . I can't bend . . . and reach up . . . it's hard for me to get in and out of a car.  I have this pain that goes in my butt cheek and down my leg."  Tr. 40.  While Plaintiff did indicate during the hearing "I have COPD . . . I have problems breathing," Tr. 41, Plaintiff's testimony during the hearing, as well as her attorney's inquiry,

"diagnosed obesity."  Pl.'s Brief (Doc. #11) at 9.  As with her COPD, this is not enough to establish that her alleged obesity limited her ability to work.  Moreover, the Eleventh Circuit and other district courts within this circuit have found that an ALJ did not commit reversible error in circumstances similar to this case.  *See, e.g.*, *James v. Barnhart*, 177 F. App'x 875, 877 n. 2 (11th Cir. 2006) (per curiam) (finding that the ALJ did not err in failing to find obesity to be a severe impairment where, during her own testimony at the administrative hearing, the plaintiff did not complain that obesity was a functional impairment); *Gary v. Astrue*, 2009 WL 3063318, at *2-3 (M.D. Ala. Sept. 22, 2009) (failure to mention obesity or explain conclusion as to whether obesity caused any physical or mental limitations did not provide basis for relief where the claimant identified no evidence in the record to support her position that the condition caused "significant limitations on her ability to work"); *Vickers v. Astrue*, 2009 WL 722273, at *14 (N.D. Fla. Mar. 18, 2009) (remand for failure to mention obesity was not required where the claimant did not show how his obesity impacted his ability to work); *Broz v. Astrue*, 2008 WL 1995084, at *15 (N.D. Fla. May 5, 2008) ("[B]ecause Plaintiff has not demonstrated that obesity reduced his functional capacity, the ALJ properly declined to consider it as part of his list of Plaintiff's severe impairments.").

     Like the cases cited above, here, Plaintiff failed to explain how her alleged obesity or

---

focused on her back problem.  Tr. 35, 40-45, 47-52, 54-56.  For example, Plaintiff indicated that her back problem led her to stop driving since 2003 because "[she] can't get positioned good to drive and [she] just doesn't feel confident driving with some of the medicine [she] take[s]," Tr. 35, and that she is unable to sleep due to her back pain, Tr. 42.  She also indicated she can only perform physical activity for "about 15 minutes" before she needs to stop because "[her] back hurts."  Tr. 51.

COPD caused further limitations on her ability to work than those found by the ALJ and she did not identify any reliable medical opinions supporting a finding that either condition is a severe impairment.  Consequently, she is entitled to no relief on this basis.

The Court notes that even if the ALJ had erred in determining Plaintiff's severe impairments, it would not be reversible error, because the ALJ did find a significant impairment in Step Two and proceeded through the next steps of the sequential analysis.  As the Commissioner points out, the Eleventh Circuit has held that "step [two] acts as a filter . . . [and] the finding of a severe impairment . . . is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

> **2.    Whether the ALJ erred by failing to consider Plaintiff's obesity and COPD when determining her RFC.**

Here, Plaintiff asserts "[Plaintiff's] COPD and obesity would further limit her RFC. Dypsnea, coughing, and fatigue would create additional environmental limitations that would further limit [Plaintiff's] RFC.  The ALJ had a duty to consider these impairments and his failure to even mention these impairments makes it impossible for a reviewing court to determine whether he properly considered them."  Pl.'s Brief (Doc. #11) at 11.

At the administrative hearing level, the ALJ is responsible for assessing a claimant's RFC.  20 C.F.R. § 404.1546(c).  The ALJ must assess a claimant's RFC "based on all of the relevant medical and other evidence[,]" and, in general, the claimant will be responsible for

providing the evidence used to make a finding about the RFC. 20 C.F.R. § 404.1545(a)(3). While the ALJ has the responsibility to make a determination on Plaintiff's RFC, it is Plaintiff who bears the burden of proving her RFC, *i.e.*, Plaintiff must establish that her obesity and COPD result in functional limitations and that she was "disabled" under the Social Security Act. *See* 20 C.F.R. § 404.1512(a) & (c) (2011) (instructing claimant that the ALJ will consider "only impairment(s) you say you have or about which we receive evidence" and "[y]ou must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled"); *Flynn v. Heckler*, 768 F.2d 1273, 1274 (11th Cir. 1985). While the ALJ must consider both severe and non-severe impairments in determining Plaintiff's RFC, *see Phillips*, 357 F.3d at 1238, the Court will not disturb the ALJ's determination when it is supported by substantial evidence.

It is clear from the record that there was substantial evidence to support the RFC determination and his finding that Plaintiff could perform light work. In completing his evaluation of Plaintiff's RFC in Step Four, the ALJ considered the entire record, including "all symptoms," "objective medical evidence," and "opinion evidence." Tr. 26. As discussed above, there was no objective evidence to support a finding that Plaintiff's alleged obesity and COPD caused further limitations than those of her RFC.[7] Thus, "[a]s fact-finder,

---

[7] The ALJ also noted inconsistencies in Plaintiff's testimony. For example, during the hearing, Plaintiff indicated that she had not driven an automobile since 2003, Tr. 35, yet "she told Dr. Jacobs that she continued to drive an automobile." Tr. 27.

the ALJ was entitled to weigh this evidence as he did," and to choose to incorporate limitations into his RFC assessment that were supported by the record. *Kersey v. Astrue*, 2010 WL 1416477, at *4 (M.D. Ga. 2010) (citing *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986)); 20 C.F.R. § 404.1545, § 404.1546(c)). Thus, the ALJ's RFC determination is supported by substantial evidence.

### B.   Whether the ALJ failed to properly consider the opinion of Dr. Doty, the treating physician.

Plaintiff argues that the ALJ should have accorded controlling weight to the opinion of Dr. Doty, Plaintiff's treating physician. Specifically, Plaintiff points to a letter submitted by Dr. Doty where he indicates that Plaintiff's "pain from her back has been disabling and has made it impossible for her to be able to be employed." Pl.'s Brief (Doc. #11) at 12. However, as the Commissioner points out, whether or not Plaintiff is disabled is a determination left to the ALJ. Def.'s Brief (Doc. #12) at 13.

Dr. Doty's conclusion that Plaintiff was unable to work is not a medical opinion. 20 C.F.R. § 404.1527(e)(1) (a declaration that Plaintiff is unable to work is not considered a "medical opinion" to be considered by the ALJ). A physician may simply give his medical opinion as to what Plaintiff is still able to do.[8] Instead, the issue of ability to work is reserved

---

[8] *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.")

for the Commissioner.  20 C.F.R. § 404.1527(e)(1).  While the ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary," *see Phillips*, 357 F.3d at 1240, the ALJ is not required to give controlling weight to issues reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e); *see also, Lanier v. Comm'r of Soc. Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007).  The Eleventh Circuit has held that "[i]ssues such as whether a claimant is disabled, ***unable to work***, or has an impairment that meets the Social Security listings fall into that category [of issues reserved for the Commissioner]." *Gainous v. Astrue*, 402 F. App'x 472, 474 (11th Cir. 2010) (emphasis added).

Additionally, Dr. Doty's opinion was conclusory.  Missing from Dr. Doty's letter is his assessment of what Plaintiff could still do despite her impairments.  Aside from concluding that she is unable to work, there is no evidence that Dr. Doty had placed any restrictions or limitations on Plaintiff's activities.  Dr. Doty merely confirmed Plaintiff's diagnosis of lower back pain and concluded that gainful employment was no longer possible for Plaintiff.  His statements omit any discussion of *why* the alleged disability makes it impossible for Plaintiff to be gainfully employed, or the nature or permanence of the disability. *See Carter v. Comm'r of Soc. Sec.,* 411 F. App'x 295, 299 (11th Cir. 2011); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987).

While there is a standard and process for the rejection of a treating physician's opinion, here, Dr. Doty's statement that Plaintiff's "pain from her back has been ***disabling***

and has ***made it impossible for her to be able to be employed***," Pl.'s Brief (Doc. #11) at 12 (emphasis added), is not an opinion. And, as Dr. Doty's conclusion regarding Plaintiff's disability status lacks any evidentiary support, the ALJ was free to disregard the letter.[9] *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (An ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion."). Thus, the Court finds that Plaintiff's argument must fail.

### C.   Whether the new and material evidence warrants remand.

Here, Plaintiff requests a sentence four remand, arguing that:

> [M]aterial new evidence was submitted to the Administrative Law Judge on December 4, 2007 (Exhibit A) although it was not made a part of the record. The new evidence is a letter, dated November 5, 2007 from Dr. Doty, Ms. Davis's treating physician. Dr. Doty wrote that he has been Ms. Davis's treating physician since 2004. (Exhibit A). In his letter, Dr. Doty also states that Ms. Davis "has undergone multiple workups" regarding her chronic back pain and that "the pain from her back has been disabling and has made it impossible for her to be able to be employed." (Exhibit A). If the ALJ had this medical source opinion, the ALJ may have found Ms. Davis credible. Thus, ***the new evidence is material to the ALJ's decision***, and this case should be remanded for proper consideration of Dr. Doty's medical opinion of Ms. Davis's disability.

Pl.'s Brief (Doc. #11) at 13 (emphasis added).

---

[9] The Court also notes that Dr. Doty's letter mentions only Plaintiff's "severe back pain." Because the ALJ found Plaintiff suffered from the severe impairment of "chronic lumbar strain," Tr. 25, the ALJ's finding is consistent with Dr. Doty's actual medical opinion (his diagnosis of Plaintiff's lower back pain).

According to Plaintiff, Dr. Doty's letter, which was submitted to the ALJ but was not received in time for the hearing, should be deemed new and material evidence and result in a remand.  Plaintiff requests a sentence four remand, and in fact, states that "[e]valuation under sentence six is not appropriate in this case."  Pl.'s Reply Brief (Doc. 16) at 4.  Thus, the Court deems any argument for a sentence six remand to be abandoned.[10]  Plaintiff appears to confuse the requirements of a sentence four and sentence six remand as she requests a sentence four remand based on "new and material evidence."  Regardless, Plaintiff fails to satisfy the requirements for a remand under either statutory sentence.

"To remand under . . . sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim."  *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).  As discussed *supra*, the Court finds that the ALJ's decision is supported by substantial evidence and, because the Dr. Doty's letter mirrors evidence already on the record, the court finds that the letter would not alter the ALJ's disability finding.

Dr. Doty's letter is cumulative evidence–it restates his lower back pain diagnosis–and is conclusory.  Dr. Doty's letter presents no further evidence regarding Plaintiff's alleged impairments that would be relevant to the ALJ's disability determination.  The letter also contains no information about the relevant time period.  Without relevance to her limitations,

---

[10] *See Smith v. Allen*, 502 F.3d 1255, 1263 n.3 (11th Cir. 2007) (internal quotations and citations omitted) (holding that "issues not raised on appeal are considered abandoned").

the evidence is not material to whether the ALJ's disability determination is supported by substantial evidence, and cannot serve as a basis for a sentence four remand.[11]   The letter contains essentially cumulative information that the ALJ considered when rendering his decision. In the decision, the ALJ discussed the fact that Plaintiff had received treatment for her lower back and, in fact, found that Plaintiff suffered from the severe impairments of "chronic lumbar strain."  Tr. 25.

After considering Dr. Doty's letter, the Court agrees with the ALJ's determination that, although objective evidence supports Plaintiff's claims that she suffers from lower back problems, those impairments individually or in combination do not render her disabled. Accordingly, the ALJ's decision is supported by substantial evidence.

**D.   Whether the ALJ failed to properly consider Plaintiff's mental impairments.**

As with Plaintiff's other alleged impairments, it was her burden to establish that she suffers from a severe mental impairment and she failed to do so.

First, as the Commissioner points out, "Plaintiff never even alleged the existence of any mental impairments, nor did she ever claim limitations in relation thereto (Tr. 106, 108, 136).  The first time that depression was even mentioned was when the ALJ affirmatively asked Plaintiff about depression at the end of the administrative hearing (Tr. 52-53)."  Def.'s

---

[11] Plaintiff does not argue that the ALJ incorrectly applied the relevant law.

Brief (Doc. #12) at 15.

Additionally, Plaintiff has not identified any medical diagnoses of a mental impairment during the relevant time period. As evidence of her alleged mental impairment, Plaintiff offers only Dr. Jacobs' consultative Psychological Evaluation performed on July 31, 2008 at the request of the ALJ. However, as the Commissioner points out, Dr. Jacobs' diagnosis was made after Plaintiff's date last insured and there is no indication that his diagnosis was meant to be retrospective. Def.'s Brief (Doc. #12) at 14. Additionally, Dr. Jacobs did not indicate when Plaintiff's depression and anxiety began nor did he indicate whether he expected it to last the required twelve month period. *Id.* Thus, this evidence does not establish that Plaintiff's alleged mental impairment satisfied the statutory definition of a severe mental impairment.

Aside from falling outside the relevant time period, the ALJ discussed other reasons Dr. Jacobs' evaluation was problematic. Although Dr. Jacobs was the only psychologist of record to render an assessment as to Plaintiff's mental capabilities, the ALJ gave it little weight because he found that Dr. Jacobs' opinion was contradictory to and inconsistent with the other substantial medical evidence of record that did not suggest any severe mental impairment.[12] *See Anderson v. Comm'r of Soc. Sec.*, 427 F. App'x 761, 763 (11th Cir. 2011)

---

[12] Plaintiff indicates that other medical evidence on the record noted Plaintiff's "depression and anxiety." Pl.'s Brief (Doc. #11) at 15. However, no other physician diagnosed Plaintiff with any mental impairment, nor did any other physician ever refer her to a psychologist or propose any other form of medical treatment.

("The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion." (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983))); *see also* 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").  The other medical evidence of record primarily reflected complaints and treatment of a physical nature, specifically regarding Plaintiff's lower back pain.

Discussing Dr. Jacobs' evaluation, the ALJ noted that the evaluation "indicated that [Plaintiff] was mildly impair[ed] in all areas except that she was moderately impaired sustaining concentration, persistence or pace," but that "[a]lthough Dr. Jacobs diagnosed her as having Major Depression and Generalized Anxiety Disorder, he apparently based these diagnoses on [Plaintiff's] subjective complaints.  She has not sought nor received any mental health treatment.  She is not prescribed medication for mental health impairment."  Tr. 25.  The ALJ also noted that "[Plaintiff] stated that she was depressed but used no psychotropic medications."  Tr. 25.  This kind of evidence is not enough to support a finding that her alleged mental impairment causes limitations on Plaintiff's ability to work.[13]

The ALJ properly considered all the evidence of record and explained his reasons for rejecting Dr. Jacobs' opinion.  Consequently, the undersigned finds that the ALJ's finding that Plaintiff does not have a severe mental impairment is supported by substantial evidence

---

[13]  The Court also notes that even if Dr. Jacobs' evaluation were accorded substantial weight, "mild" and "moderate" limitations are not sufficient to establish a severe mental impairment.

19

on the record and Plaintiff's argument must fail.

**VI.   CONCLUSION**

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 9th day of January, 2012.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

20